1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11   KEANU ETHAN CAMPOS,                    )  Case No.: 1:14-cv-01099 LJO JLT
                                            )
12              Plaintiff,                  )  ORDER GRANTING PETITION TO APPOINT
                                            )  DENIS GONZALEZ AS GUARDIAN AD LITEM
13        v.                                )  FOR THE MINOR PLAINTIFF
                                            )  (Doc. 3)
14   COUNTY OF KERN, et al.,                )
                                            )
15              Defendants.                 )
                                            )
16                                          )
                                            )
17

18        Plaintiff Ethan Campos initiated this action by filing a complaint on July 14, 2014, and

19   petitioning the Court to appoint Deniz Gonzalez as his guardian ad litem in this action.  (Doc. 3)

20        Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly

21   appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).

22   In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a

23   minor or incompetent person who is unrepresented in an action." *Id*.  The capacity of an individual to

24   sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b).  Here, Plaintiff

25   resides in Kern County, California (Doc. 1 at 2), and the law of the state governs.  Under California

26   law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a

27   guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  A guardian ad litem may be

28   appointed to represent the minor's interests.  Cal. Code Civ. P. § 372(a).

                                            1

1    In determining whether to appoint a particular guardian ad litem, the court must consider

2 whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1).  "When

3 there is a potential conflict between a perceived parental responsibility and an obligation to assist the

4 court in achieving a just and speedy determination of the action, a court has the right to select a

5 guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams*

6 *v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation

7 omitted).  The decision whether to appoint a guardian ad litem is "normally left to the sound discretion

8 of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).

9    Plaintiff is the child of Deniz Gonzalez, and was born in 2012. (Doc. 3 at 1).  Because Plaintiff

10 is under the age of eighteen, he is a minor under California law.  *See* Cal. Fam. Code § 6502.

11 Consequently, as a minor, his ability to bring suit is contingent upon the Court's appointment of a

12 guardian ad litem.  Upon review of the Complaint, it does not appear Ms. Gonzalez has any interests

13 that are adverse to the child's.  Accordingly, Ms. Gonzalez's appointment as guardian ad litem for her

14 son is appropriate.

15    Based upon the foregoing, **IT IS HEREBY ORDERED**:

16    1.    The petition for appointment of Deniz Gonzalez as guardian ad litem for Plaintiff Keanu

17        Ethan Campos (Doc. 3) is **GRANTED**; and

18    2.    Deniz Gonzalez is appointed to act as guardian ad litem for Keanu Ethan Campos in this

19        action and is authorized to prosecute it on his behalf.

20

21 IT IS SO ORDERED.

22    Dated:    __**July 18, 2014**__            _____**/s/ Jennifer L. Thurston**
23                                UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

2