UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEANU ETHAN CAMPOS, a minor, by and through his Guardian ad Litem, Deniz Gonzalez,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, a public entity; DEPUTY JASON AYALA, a public employee, DEPUTY JOSHUA BATHE, a public employee; and DOES 1-10, inclusive,<br><br>Defendants. | 1:14-cv-01099 LJO JLT<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT (Doc. 11)** |

### I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## II. BACKGROUND

Plaintiff's father, Luis Gabriel Campos ("Decedent"), was arrested and processed into the Kern County Jail Central Receiving Facility ("Kern County Jail") on August 8, 2013. Compl. Doc. No. 1 [hereinafter "Compl."] at ¶¶ 1, 6. According to Plaintiff, Decedent had a "known history" of attempting to harm himself while in custody, and attempted to kill himself when he was booked into custody that day. *Id.* at 6. Though Decedent was placed on "suicide watch," he was found dead two days later, on August 10, 2013, apparently due to suicide. *Id.* Plaintiff brings suit under 42 U.S.C. § 1983 against the County of Kern as well as named and unknown deputies in the Kern County Sherriff's department on the basis that these deputies denied Decedent of civil rights afforded to pre-trial detainees by the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. *Id.* at ¶¶ 7, 10. Defendants County of Kern and Deputies Jason Ayala and Joshua Bathe move to dismiss pursuant to Fed. Rule Civ. Pro. 12(b)(6) on the basis that (a) the Complaint does not state a claims for Plaintiff's own damages and (b) Plaintiff lacks standing to bring Section 1983 claims on behalf of Decedent. Defs.' Mtn.to Dismiss, Doc. No. 11 [hereinafter "Defs.' Mtn."] at 2. Defendants alternatively move for a more definite statement pursuant to Rule 12(e). *Id.* at 7.

## III. STANDARD OF DECISION

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the Complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV. ANALYSIS

**A.      Eighth Amendment Claims**

Claims in this case arise out of Decedent's experience as a pre-trial detainee. Compl at ¶¶ 6-7. Eighth Amendment protection does not apply to pre-detention periods. *Bell v. Wolfish*, 441 U.S. 520, 537, n. 16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Rather, claims by pre-

3

trial detainees are properly analyzed under the Fourteenth Amendment." *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) ("The more protective [F]ourteenth [A]mendment standard applies to conditions of confinement when detainees have not been convicted of a crime.") (internal citations omitted). Therefore, this Court DISMISSES *sua sponte* Plaintiff's claims based on Eighth Amendment violations. Claims are dismissed WITHOUT LEAVE TO AMEND, because no additional facts could cure these claims.

**B.     Whether Plaintiff Has Standing to Bring Suit on Decedent's Behalf**

As Defendants point out, due process and Fourth Amendment rights are "personal rights." *Alderman v. United States*, 394 U.S. 165, 174 (1969) ("We adhere to these cases and to the general rule that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998), as amended (Nov. 24, 1998) (holding that due process rights, like Fourth Amendment rights, could not be raised by decedent's family members in their personal capacities). Under section 1988, a section 1983 claim that accrued before death "survives the decedent when state law authorizes a survival action as a suitable remed[y] ... not inconsistent with the Constitution and laws of the United States…" *Smith v. City of Fontana*, 818 F.2d 1411, 1416 (9th Cir. 1987) overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999). Thus actions under Section 1983 asserting rights on behalf of decedents are only viable if authorized by an applicable state survival action. *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998).[1] California law applies to this case, and permits survival actions to be brought by a decedent's personal representative or "successor in interest." Cal. Civ. Proc. Code § 377.30. A successor in interest is a "beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11; *see also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006) ("Where there is no personal representative for the estate, the decedent's 'successor

---

[1] Thus, Plaintiff's assertion that he has standing to bring a wrongful death action under California's wrongful death statute, Cal. Civ. Proc. Code § 377.60, is not relevant to the issue of whether he has standing to assert Section 1983 claims on behalf of the Decedent. Opposition at 3-4.

4

in interest may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law . . ."). Plaintiff has the burden of alleging and proving standing. *Byrd,* 137 F.3d at 1131.

The Ninth Circuit has made clear that plaintiffs must allege that they are bringing survival claims in their representational capacity in their complaints. *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) (Dismissing case, in part, because while Plaintiff claimed she was decedent's "sole surviving heir," she "fail[ed] to allege that she [was] her father's personal representative or successor in interest. . . ."); *Moreland*, 159 F.3d at 370 ("Appellants did not allege in their complaint that they brought their claims in a representative capacity.").

In the context of a 12(b)(6) motion to dismiss, this Court must evaluate whether a "liberal reading" of the Complaint would allow Plaintiff to prove his status as successor in interest. In the first paragraph of the Complaint, Plaintiff states: " . . .Plaintiff is the child, next of kin and heir at law of Plaintiff's Decedent, Luis Gabriel Campos, and is seeking redress for violations of the Civil Rights of the Plaintiff's Decedent . . ." While Plaintiff alleges that he is Decedent's heir, it is not clear from this statement that he is bringing this suit in his capacity as heir to his father's estate. It is equally plausible (and more likely based on the rest of the Complaint and Plaintiff's Opposition) that Plaintiff intended to bring the claims in his personal capacity as Decedent's son. Paragraph 14, for example, states that "Plaintiffs[2] seek all legal and equitable relief to which *they* might be entitled . . ." Compl. ¶ 14 (emphasis added). Similarly, Paragraph 19 states that "Plaintiffs pray for judgment against Defendants . . ." Finally, Plaintiff makes clear in his Opposition, Doc. No. 13, that "he understands that at this time, a survivorship action has not been set forth . . ." Opposition at 5. Thus, this Court can find no basis for interpreting the Complaint as alleging that Plaintiff brings the case in his capacity as successor in interest to his father's estate. For these reasons, the court GRANTS Defendants' Motion to Dismiss WITH LEAVE TO AMEND as to Plaintiff's ability to recover under Section 1983 on Decedent's

---

[2] While the Complaint mostly refers to Plaintiff in the singular, there are occasional instances where the plural form is used. Because no other plaintiffs aside from Keanu Ethan Campos are identified as such, this Court construes him as the sole plaintiff in this action.

5

behalf.

**C.      Whether Plaintiff Alleged a Claim on his Own Behalf**

Plaintiff argues in his Opposition that he "has standing to pursue a federal civil rights claim on account of the death of his father based on the violation of his constitutional right to familial companionship and society." Opposition at 5.

It is well established that a parent has a "fundamental liberty interest" in "the companionship and society of his or her child" and that "the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (internal quotations and citations omitted). It is also well established that "this constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents." *Fontana*, 818 F.2d at 1418. However, "it is not enough merely to allege that the government interfered with the family relationship." *Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989). A due process claim is only viable when the state interferes with a child's relationship with his parent without a legitimate interest. *Fontana*, 818 F.2d at 1419. For example, the Ninth Circuit held that parents had a viable due process claim when their children were wrongfully detained on the basis of coerced confessions. *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 441 (9th Cir. 2010).

Defendants argue that the Complaint fails to state a claim that Plaintiff suffered a constitutional injury. Defs.' Mtn. at 2. Plaintiff's Opposition does not address this issue. This Court agrees that the Complaint does not allege that Defendants' interference in Plaintiff's relationship with Decedent was unwarranted. For example, Plaintiff does not allege (or allege any facts suggesting) that Decedent was wrongfully arrested or detained. Rather, he claims that the *conditions* of Decedent's detention were constitutionally deficient. Compl. ¶ 10. While the Complaint alleges that Plaintiff has suffered harm, Compl.¶¶ 8, 19(1), this Court finds no any indication that this harm is alleged due to a violation of *Plaintiff's* constitutional rights. Thus, the Court agrees with Defendants that such a claim is not before this Court. For these reasons, the court GRANTS Defendants' Motion to Dismiss WITH LEAVE TO

AMEND as to Plaintiff's ability to recover under Section 1983 on his own behalf.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Defendants' Motion to Dismiss as follows:

Claims brought pursuant to the Eighth Amendment of the U.S. Constitution are DISMISSED WITHOUT LEAVE TO AMEND, because an amendment would be futile.

All other claims are dismissed WITH LEAVE TO AMEND.

Plaintiff shall file any amended complaint within 20 days of this order. No later than 20 days after service of any amended complaint, Defendants shall file a response thereto.

Plaintiff is cautioned that this will be the last opportunity to amend. Plaintiff should only amend if amendment will not be futile based on the law and holding in this Order. This court does not have the resources to review and write extensive orders on how to write, rewrite and submit pleadings. This order gives the proper direction for the last time.

IT IS SO ORDERED.

Dated: **September 30, 2014**  **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

7