Greg W. Garrotto, State Bar #89542
LAW OFFICES OF GARROTTO & GARROTTO
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone (310) 229-9200
Fax: 310-229-9209
E-Mail: jjggarrotto@msn.com

Attorneys for Plaintiff
Keanu Ethan Campos, a minor, by and through his Guardian
ad Litem, Deniz Gonzalez

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEANU ETHAN CAMPOS, a minor, by and through his Guardian ad Litem, Deniz Gonzalez, Individually and as Successor In Interest of Luis Gabriel Campos<br><br>                  Plaintiff,<br><br>          v.<br><br>COUNTY OF KERN, a public entity; DEPUTY JASON AYALA, a public employee; DEPUTY JOSHUA BATHE, a public employee; and, DOES 1-10, Inclusive<br><br>                  Defendants | Case No.  1:14-cv-01099-LJO-JLT<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON VIOLATIONS OF CIVIL RIGHTS (42 USC 1983 et. seq.)<br><br>1) SURVIVORSHIP ACTION (California Code of Civil Procedure Section 377.30 et. seq.)<br><br>2) WRONGFUL DEATH (California Code of Civil Procedure Section 377.60)<br><br>REQUEST FOR JURY TRIAL |

_____

## JURISDICTION

1. This Court has jurisdiction of the within matter in that this Complaint is based on violations of Title 42 U.S.C. Section 1983 in that the Plaintiff is the child, next of kin, heir at law and Successor in Interest of Plaintiff's Decedent, Luis Gabriel Campos, and is seeking redress for violations of the Civil Rights of the Plaintiff's Decedent and Plaintiff, their Civil Rights being guaranteed under the 4th and 14th Amendments to the United States Constitution, to wit; protection

FIRST AMENDED COMPLAINT FOR DAMAGES

1  against unreasonable and cruel and unusual punishment; and deprivation of life
2  and liberty without due process of law.

3

4  **GENERAL ALLEGATIONS**

5      2.  Plaintiff Keanu Ethan Campos is at mentioned in this Complaint a
6  resident of Kern County, California.  The Plaintiff is the child and the next of kin
7  and heir at law to Plaintiffs' Decedent, Luis Gabriel Campos.  He is also the
8  Successor in Interest of Plaintiff's Decedent Luis Gabriel Campos as set forth in
9  California Code of Civil Procedure Section 377.30 et. seq.

10      3.  Plaintiff is informed and believes and thereon alleges that at all times
11  Defendant County of Kern was a public entity duly formed under the laws and
12  statutes of the State of California.   The Kern County Sheriffs Department is an
13  agency of the County of Kern.  The Kern County Sheriffs Department is charged
14  with among other duties the operation of the jails of Kern County.

15      4.  Plaintiff is informed and believes and thereon allege that Defendants
16  Deputy Sheriff Jason Ayala and Deputy Sheriff Joshua Bathe are public
17  employees who are employees of Defendant County of Kern.

18      5.  The Plaintiff will seek leave of Court to amend this Complaint to insert
19  the true names and/or capacities of such fictitiously named defendants named as
20  Does 1-10 when the same have been ascertained.

21      6.  Plaintiff is informed and believes and thereupon alleges that at all times
22  herein Defendants Deputy Sheriffs Jason Ayala, Deputy Sheriff Joshua Bathe and
23  Does 1-10  are employees and agents of the County of Kern, Kern County
24  Sheriffs Department and in that capacity were assigned as custodial staff in the
25  Kern County Jail Central Receiving Facility located at 1415 Truxton Ave.,
26  Bakersfield, CA 93301.   As such they had the responsibility to maintain the jail

27

28                                              2                    FIRST AMENDED  COMPLAINT FOR
                                                                     DAMAGES

1   and operate it so that it would comply with both State and Federal mandates.

2   7.  Their responsibility was to provide security in the jails for the welfare of

3   all of the prisoners, inmates and or detainees which included but was not limited to

4   medical, psychological, psychiatric care as well as custodial supervision that

5   would ensure the welfare of all prisoners according to the mandates of the State

6   and Federal Constitutions.  Said Defendants further had a responsibility to monitor

7   those inmates, prisoners and detainees who were a danger to themselves, others or

8   gravely disabled pursuant to the dictates of Title 15 of the California Regulations

9   and the United States Constitution.

10   8.  On August 8, 2013,  Plaintiff's Decedent Luis Gabriel Campos was

11   arrested and processed into the Kern County Jail Central Receiving Facility

12   located at 1415 Truxton Ave., Bakersfield, CA 93301.   The Plaintiff's Decedent

13   had a known history of suicide attempts and hurting himself while in custody.  On

14   August 8, 2013, the Plaintiff's Decedent actively tried to commit suicide by

15   wrapping his shirt around his neck.  He was therefore placed on suicide watch  and

16   was to be checked by custodial deputies including the named Defendants, twice

17   every thirty minutes.  He was also only allowed a set of paper clothes and a thin

18   foam mattress.  Defendants and each of them, as part of their custodial duties, also

19   had the responsibility and the duty to keep any item from him which could be used

20   by Plaintiff's Decedent to harm himself.

21   9.  Thereafter, the Plaintiff was a pre-trial detainee and to be accorded all

22   the rights associated with said status as set forth by the Federal and State

23   Constitutions.  On August 10, 2013, the Plaintiff's Decedent was found dead,

24   hanging from a noose, which had been fabricated from an electrical cord from a

25   floor fan that had been placed adjacent to the Plaintiff Decedent's cell.

26   10.  The Defendants, and each of them, who were charged with monitoring

27

28                                    3                    FIRST AMENDED  COMPLAINT FOR
                                                           DAMAGES

the Plaintiff's Decedent twice every 30 minutes had not in fact monitored him during the prescribed period of time and in fact had not appropriately monitored or visualized him so that he could not harm himself.

11. The Defendants failed to perform their duties to provide security in the jail with specific knowledge that the Decedent would most probably harm himself if not monitored as required by law and the standards of custodial supervision.

12. Neither did Defendants prevent the Plaintiff's Decedent from obtaining materials from which he could fabricate a noose or another device so that he could harm himself. Said Defendants acted and or failed to act with knowledge that the Plaintiff's Decedent was suicidal, had a history of suicide attempts in custody and in fact had attempted suicide since his arrest on August 8, 2013. Said conduct of the Defendants and each of them was deliberately indifferent to the rights of Plaintiff's Decedent as well as the rights of Plaintiff as well as constituted unwarranted governmental interference with the relationship of father and child between Plaintiff's Decedent and Plaintiff.

13. As a direct and proximate result of the deliberately indifferent, reckless conduct and or otherwise wrongful conduct of the defendants and each of them, the Plaintiff has sustained the loss of love, affection, society, service, comfort, support, expectations of future support and counseling, financial income, companionship, solace and moral support as well as other benefits and assistance of his father, the Plaintiff's Decedent, all to his general and special damage in a sum in excess of the jurisdictional limits of this court.

14. As Successor in Interest to Plaintiff's Decedent Luis Gabriel Campos, Plaintiff has suffered special damages in amounts according to proof.

4

FIRST AMENDED COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION-FEDERAL CIVIL RIGHTS VIOLATIONS (42 USC 1983) Survivorship Action (All Defendants)**

15. The Plaintiff incorporates by reference each and every allegation of Paragraphs 1-14 as though set forth herein.

16. Plaintiff, as duly appointed Successor In Interest to Plaintiff's Decedent Luis Gabriel Campos, brings this claim for recovery of damages for violation of Luis Gabriel Campos substantive due process rights.

17. This is a cause of action for deprivation of constitutional rights under color of state law brought pursuant to the recodification of section 1979 of the Civil Rights Act of 1871, Title 42 U.S.C. §1983, for remedies for Defendants' deprivation of Plaintiff's Decedent's civil rights. Plaintiff alleges that Defendants, each and all of them, have deprived Plaintiffs' Decedent, a pre-trial detainee of his civil rights by (1) failing to provide him with the standards and conditions of incarceration as mandated by the 4th to the Constitution of the United States of America; and (2) depriving him of life and liberty without due process of law in violation of the 14th Amendment to the Constitution of the United States of America.

18. Plaintiff is informed and believes and thereon alleges that Defendants and each of them were public employees of the County of Kern in a agency of said County, the Kern County Sheriffs Department, and as such were functioning as custodial staff within the Kern County Jail Central Receiving Facility. Said staff had the responsibility to assess newly incarcerated detainees, prisoners, and inmates to determine their medical and mental status and determine whether said persons were a danger to themselves, others and or gravely disabled. As to those persons who were in said categories, the Defendants and each of them had the responsibility to devise systems of care, monitoring and administration so as

FIRST AMENDED COMPLAINT FOR DAMAGES

1  provide protection to them.

2      19.  The Defendants also had the legal responsibility to carry out said

3  systems of care, monitoring and administration so that security would be provided

4  within the jail facilities so that persons who were suicidal or a danger to others or

5  gravely disabled would not self harm and or harm others.

6      20.  The Defendants also had the responsibility under Title 15 of the

7  California Code of Regulations and minimum constitutional standards to ensure

8  the health, welfare and safety of all inmates in the Kern County Jail Facility.

9      21.  At all times hereinafter mentioned, Defendants and each of them were

10  acting as the agents and/or employees of the County of Los Angeles and in doing

11  all of the things aforementioned were acting under color of their authority as such,

12  and under color of the statutes, ordinances, regulations, customs and usages of the

13  County of Los Angeles.

14      22.  On or about August 8, 2013,  the Plaintiff's Decedent was arrested and

15  taken to the Kern County Jail Central Receiving Facility.  The Plaintiff's Decedent

16  almost immediately began to exhibit behavior which would indicate to any

17  reasonable member of law enforcement that he was suicidal.  In fact, the Plaintiff's

18  Decedent almost immediately made an attempt to commit suicide.

19      23.  The Defendants and each of them knew or had reason to know of the

20  Plaintiff's Decedent's admitting condition.  They were also aware of a history of

21  self destructive and suicidal behavior on the part of Plaintiff's behavior when he

22  was incarcerated.

23      24.  Although they placed the Plaintiff's Decedent on suicide watch, the

24  Defendants and each of them failed to implement and carry out and follow said

25  procedures with knowledge that the failure to implement and follow said

26  procedures would most probably result in a suicide attempt by Plaintiff's

27

28                                              6                    FIRST AMENDED  COMPLAINT FOR
                                                                     DAMAGES

1 │ Decedent.

2 │     25.  The failure of Defendant County of Kern to implement procedures that
3 │ would require custody staff of the Kern County Jails to provide constitutional
4 │ levels of protection to suicidal and or self destructive detainees, the fostering and
5 │ approval of and/or the ratification of customs and practices in the Sheriffs
6 │ Department whereby custody staff did not provide constitutional levels of
7 │ protection, along with Defendants' failure to monitor and supervise and protect the
8 │ Plaintiff's Decedent as a pre-trial detainee amounted to cruel and unusual
9 │ punishment in violation of the 4th Amendment and deprived the Plaintiff's
10 │ Decedent of his life without due process of law as is required under the 14th
11 │ Amendment.

12 │     26.  The Defendants and each of them, acted with deliberate indifference
13 │ which knowingly subjected the Plaintiff's Decedent to acts and injuries that
14 │ constituted cruel and unusual punishment and deprivation of life and liberty,   all
15 │ in violation of the Plaintiff's Decedent's rights guaranteed by the Fourth and
16 │ Fourteenth Amendments to the United States Constitution.

17 │     27.  By this action, Plaintiff as the Successor in Interest to Plaintiff's
18 │ Decedent seeks all legal and equitable relief to which he may be entitled, including
19 │ but not limited to compensatory and punitive damages, attorneys fees and costs
20 │ and prejudgment interest against Defendants and each of them.

21 │     28.  The actions of the Defendants and each of them deprived the Plaintiff's
22 │ Decedent of his constitutional rights guaranteed under the Fourth Amendment to
23 │ the United States Constitution which prohibit cruel and unusual punishment.

24 │     29.  By reason of the Defendants' conduct, Plaintiffs' Decedent was
25 │ deprived of rights, privileges and immunities secured to him by the Constitution of
26 │ the United States and the laws thereunder in that failure to provide constitutionally

27 │

28 │                           7            FIRST AMENDED  COMPLAINT FOR
                                                            DAMAGES

minimal standards of custodial care when it was known that said the lack of custodial services would in all likelihood deprive the Plaintiff of life and liberty without due process that is guaranteed under the Fourteenth Amendment to the United States Constitution.

30.  As a result of the Defendants' actions against Plaintiffs' Decedent, as alleged above, Plaintiff as Successor In Interest  has been harmed in that Plaintiff has sustained special damages, all in amounts according to proof at the time of trial

31.   The above recited actions of Defendants in depriving Plaintiffs' Decedent of his constitutionally protected rights were done with evil motive or intent, or with reckless, callous and deliberate indifference to cause Plaintiff's Decedent  unnecessary and wanton infliction of pain.

## SECOND CAUSE OF ACTION-FEDERAL CIVIL RIGHTS VIOLATIONS (42 USC 1983) (Wrongful Death Action) (All Defendants)

32.  The Plaintiff incorporates by reference each and every allegation of Paragraphs 1-32 as though set forth in full.

33.  The Plaintiff is the child of the Plaintiff's Decedent and the heir at law of the Plaintiff's Decedent pursuant to California Code of Civil Procedure Section 377.60.

34.  The Plaintiff, as the son of Plaintiff's Decedent had a parent and child relationship with the Plaintiff's Decedent.

35.  The acts of the Defendants and each of them, as set forth above, constituted an unwarranted interference in and a deprivation of the familial relationship.  The lack of familial companionship was the legal result of the knowing failure of the Defendants to provide constitutionally compliant

FIRST AMENDED  COMPLAINT FOR DAMAGES

1  provisions for ensuring the safety and welfare of Plaintiff' Decedent.

2      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of
3  them as follows:

4      1.  For damages pursuant to the wrongful death statutes for loss of love,
5  affection, care, society, service, comfort, support, right of support, companionship,
6  financial support, solace and moral support, expectations of future support and
7  counseling, as well as other benefits and assistance of the Plaintiff's Decedent
8  Luis Gabriel Campos which will be stated according to proof, which sum is in
9  excess of the jurisdictional limit of this court;

10      2.  For Damages pursuant to the Survival Law of the State of California;

11      3.  Funeral and burial expenses and special damages according to proof;

12      4.  For Punitive Damages as to the individual defendants in an amount
13  appropriate to punish Defendants for their wrongful conduct and set an example
14  for others;

15      5.  For reasonable attorney fees pursuant to Title 42 USC Section 1988;

16      6.  For such other and further relief as the Court may deem just and proper.

17  Dated: 10 – 9 - 2014                    GARROTTO & GARROTTO

18                                             GREG W. GARROTTO

19

20

21

22

23

24

25

26

27

28                              9        FIRST AMENDED  COMPLAINT FOR
                                         DAMAGES

## REQUEST FOR JURY TRIAL

Plaintiffs' hereby request a jury trial pursuant to Federal Rule of Civil Procedure 38.

Dated: 10-9-2014

GARROTTO & GARROTTO

GREG W. GARROTTO

10

FIRST AMENDED COMPLAINT FOR DAMAGES