THERESA A. GOLDNER, COUNTY COUNSEL
By: Marshall S. Fontes, Deputy (SBN 139567)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants
County of Kern, Deputy Jason Ayala
and Deputy Joshua Bathe

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEANU ETHAN CAMPOS, a minor, by and through his Guardian ad Litem, Deniz Gonzalez,<br><br>  Plaintiffs,<br><br>  vs.<br><br>COUNTY OF KERN, a public entity; DEPUTY JASON AYALA, a public employee; DEPUTY JOSHUA BATHE, a public employee; and DOES 1 - 10, Inclusive<br><br>  Defendants. | CASE NO. 1:14-cv-01099-LJO-JLT<br><br>ANSWER OF DEFENDANTS COUNTY OF KERN, DEPUTY JASON AYALA AND DEPUTY JOSHUA BATHE TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>COUNTY DEFENDANTS DEMAND A JURY TRIAL |

**COME NOW** Defendants, County of Kern, Deputy Jason Ayala and Deputy Joshua Bathe (hereafter referred to collectively as "Defendants") and answer the First Amended Complaint for Damages (hereafter the "Complaint") of Plaintiff, on file herein. In answering the Complaint, Defendants jointly and severally admit, deny and allege as follows:

  1.   In answering paragraphs 3 and 4 of Plaintiff's complaint, Defendants admit the allegations contained therein.

2. In answering paragraphs 10, 11, 12, 21, 23, 24, 25, 26, 28, 29, 31, and 35 of Plaintiff's complaint, Defendants deny each and every allegation contained therein.

3. In answering paragraphs 2, 5, 7, 13, 14, 16, 18, 19, 20, 27, 30, 33 and 34 of Plaintiff's complaint, Defendants lack sufficient knowledge, and/or a sufficient understanding of the allegations as pleaded, to admit the allegations and thus must deny each and every allegation contained therein.

4. In answering paragraphs 15 and 32 of Plaintiff's complaint, Defendants are informed and believe that the paragraph is intended to incorporate allegations into the respective cause of action, and Defendants intend their previous responses to apply to these paragraphs.

5. In answering paragraph 1 of Plaintiff's complaint, Defendants admit that this Court has jurisdiction, but lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

6. In answering paragraph 6 of Plaintiff's complaint, Defendants admit that Bathe and Ayala were at all relevant times, employees of the County of Kern and working as custodial staff at Kern County Central Receiving Facility, but lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

7. In answering paragraph 8 of Plaintiff's complaint, Defendants admit that Luis Gabriel Campos was incarcerated at the Kern County Central Receiving Facility, but lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

8. In answering paragraph 9 of Plaintiff's complaint, Defendants admit that Luis Gabriel Campos died on August 10, 2013, but lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

///

Defendants' Answer to Plaintiff's First Amended Complaint

9. In answering paragraph 17 of Plaintiff's complaint, Defendants deny that they deprived Plaintiff's decedent of his civil rights. Defendants lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

10. In answering paragraph 22 of Plaintiff's complaint, Defendants admit that Luis Gabriel Campos was incarcerated at the Kern County Central Receiving Facility, but lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

## AFFIRMATIVE DEFENSES

11. **AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants allege that the complaint, and each and every cause of action therein, fails to state a claim against these Defendants upon which relief can be granted.

12. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** Defendants allege that they are immune from liability for the causes of action alleged in the complaint, if any, pursuant to California Government Code sections 815, 815.2, 815.3, 818, 818.2, 818.4, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 822.2 and 823 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

13. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants allege that the damages, if any, of which Plaintiff complains were the proximate results of the negligence, carelessness and/or recklessness of Plaintiff and/or the decedent, so as to bar or diminish recovery herein as against Defendants.

14. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants allege that Plaintiff's decedent, with full knowledge of the dangers incident thereto, voluntarily exposed himself to all those matters and things alleged in the complaint and did thereby voluntarily and knowingly assumed the risk naturally incident thereto.

Defendants' Answer to Plaintiff's First Amended Complaint

15. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** Defendants allege that the damages, if any, of which Plaintiff complains, were the proximate result of the intentional acts of Plaintiff and/or the decedent, all so as to bar or diminish recovery herein as against these Defendants.

16. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants allege that Plaintiff's damages and injuries, if any, were the result of the negligence, carelessness, recklessness, and intentional acts and/or liability of parties other than these Defendants, including as a result of Plaintiff and/or the decedent's own actions and or failures to act.

17. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants allege, on information and belief, that Plaintiff and/or Plaintiff's decedent, by the exercise of reasonable efforts and/or care, could have mitigated the amount of damages alleged to have been suffered, and that Plaintiff and/or Plaintiff's decedent have failed, neglected, and refused, and continue to fail, neglect and refuse, to exercise reasonable efforts and/or care to mitigate their alleged damages.

18**.** **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants allege that the individually named Defendants are immune from any civil liability in this matter under the doctrine of qualified immunity in that they had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiff herein, was justified, reasonable and lawful under the circumstances presented to the Defendants at the time of their alleged acts or omissions at issue herein.

19. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants allege that they and others are entitled to an offset, in the amount of all collateral and governmental source benefits, in accordance with Government Code §985.

20. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, Defendants claim as a set off against any judgment that might be taken in this litigation

against Defendants, all amounts presently due and owing to Defendant County of Kern by decedent, or by any Plaintiff on decedents behalf, and/or as the executor, administrator or beneficiary of decedent's estate or intestate devise, which amounts are unknown at this time.

21. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** Defendants allege Plaintiff lacks standing to file suit as to the federal and/or state claims and/or damage claims.

22. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** Defendants allege that if, and to the extent that, the allegations of Plaintiff's complaint attempt to enlarge upon the facts and/or contentions set forth in the claims made by Plaintiff upon County, Plaintiff's complaint fails to state a cause of action and violates provisions of the *California Government Code*, Division 3.6, Part 3, Chapter I (commencing with section 900) and Chapter II (commencing with section 910), and County reserves the right to move to strike any such allegations and to object to any evidence directed to the proof of any such allegations.

23. **AS FOR A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**, County Defendants allege that, under *Monell v. New York Department of Social Services of the City of New York,* 436 U.S. 658 (1978), County does not have any unconstitutional policy custom or practice which resulted in a violation of Plaintiff's constitutional rights.

24. **AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** Defendants allege that they are immune from punitive and/or exemplary damages in accordance with Government Code § 818 and Civil Code §3294, and that Defendants are further made immune, and jurisdiction is lacking over claims for punitive or exemplary damages against Defendants pursuant to the Constitutions of the United States and the State of California.

///

///

**WHEREFORE**, Defendants pray judgment as follows:

1. That Plaintiff takes nothing by this action;
2. That Defendants be awarded their costs of suit incurred herein;
3. That Defendants be awarded reasonable attorneys' fees pursuant to Federal Rules of Civil Procedure, Rule 11, and 42 U.S.C. § 1988; and
4. That the Court order such other and further relief as it deems just and proper.

Dated: October 24, 2014          THERESA A. GOLDNER, COUNTY COUNSEL


By  /s/ Marshall S. Fontes                              .
    Marshall S. Fontes, Deputy
    Attorneys for County of Kern,
    Deputy Jason Ayala and Deputy Joshua Bathe

#21T8510

Defendants' Answer to Plaintiff's First Amended Complaint