LAW OFFICES OF GARROTTO & GARROTTO
Greg W. Garrotto, State Bar #89542
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone (310) 229-9200
Fax (310)229-9209
jjggarrotto@msn.com

Attorneys for Plaintiff
Keanu Ethan Campos, a minor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEANU ETHAN CAMPOS, a minor, by and through his Guardian ad Litem, Deniz Gonzalez<br><br>            Plaintiff,<br>    v.<br><br>COUNTY OF KERN, a public entity; Deputy Sheriff Jason Ayala, a public employee; Deputy Joshua Bathe, a public employee; and , DOES1-10, Inclusive | Case No.: 1:14-cv-01099-DAD-JLT<br><br>FURTHER MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED PER REQUEST OF COURT<br><br>Date: March 15, 2016<br>Time: 9:30 a.m.<br>Court: Robert E. Coyle United States Courthouse, 2500 Tulare St. Fresno, CA 93721<br>Judge: Hon. Dale A. Drozd, Judge |

Plaintiff, Keanu Ethan Campos, a minor by and through his Guardian ad Litem, Deniz Gonzalez, presents that following additional briefing by the request of the Court:

**The State Law Liability of the Defendants for the Wrongful Death of Luis Campos**

California Government Code Section 844.6(a)(2) provides that a public entity is not liable for an injury "to any prisoner".  The statutory immunity for injuries to a prisoner applies only to a public entity.  Subsection (d) of said statute makes it clear that said statute does not exonerate the officer or employee from personal liability.  It states:

> "Nothing in this section exonerates a public employee for liability for injury proximately caused by his negligent or wrongful act or omission."

An exception to this rule of public entity immunity is set forth in Government Code Section 845.6.  A public employee and a public entity, when the employee is acting in the scope of employment are liable for injuries to a prisoner if the employee knows or has reason to know that the prisoner is in need of immediate medical care and the employee fails to take reasonable action to summon said medical care.  Liability under Government Code Section 845.6 is limited to situations involving a serious and obvious medical need requiring immediate medical care. Zeilman v County of Kern (1985) 168 Cal.App.3d 1174; Lucas v City of Long Beach (1976) 60 Cal.App.3d 341.  Whether the governmental entity had actual or constructive knowledge of the need for medical

care and whether the action of the governmental entity to provide said care was reasonable are generally questions of fact. Zeilman, supra. In Jett v Penner (9th Cir. 2006) 439 F.3d 1091, the Court held that even after a jailor gives a prisoner immediate medical care, the need for further immediate medical care may arise and the jailor may be liable for not providing follow-up treatment.

In summary, the immunity for injuries to prisoners extends only to the public entity under Government Code Section 844.6(a)(2). Both the public entity and the public employee is liable for a failure to provide immediate medical attention when it is required under Government Code Section 845.6. The immunity of Government Code Section 845.2, applying to both entities and employees, relates to the provision of a "facility" or "equipment, personnel or facilities therein" provides for the extension of immunity for discretionary decisions about whether to provide prison, jail, or correctional facilities are to be staffed and equipped. Taylor v Buff (1985) 172 Cal.App.3d 384. Finally, within this context, a public employee is liable for his or her torts to the same extent as a private person. Government Code Section 820(a); Lugtu v California Highway Patrol (2001) 26 Cal.App.4th 703; Hoff v Vacaville Unified School District (1998) 19 Cal.App.4th 925.

In the context of the present case, the individual defendants are liable for their negligence. City of Sacramento v Superior Court (1982) 131 Cal.App.3d

395.  Kern County and the individual defendants are liable for their failure to provide immediate medical care under <u>Government Code</u> Section 845.6.

Applying these principles of law to the facts, there are material questions of disputed facts as to whether Deputies Ayala and Bathe were negligent and or the deputies and or Kern County is liable for failure to provide immediate medical care.  Within 18 inches of suicide watch cell was a large floor fan with an electric cord that had been severed and repaired by reattaching the wires within that cord and covering the spot of repair by duct tape.  The floor fan had been in that position for an extended period of time with the knowledge of the two deputies.  The fan was in clear view of the security desk where the deputies usually stayed.  They also knew by training that they were to examine the cell to clear the cell and its immediate environs of any material and or substance that might be used by an inmate to harm himself.  They further knew that they could not observe fully one half of the cell from the security desk.  The portion of the electric cord, from the repair site to the plug was used by Mr. Campos to hang himself.  There are questions of disputed facts whether the two deputies were negligent and or acted reasonably in their failure to ensure that the cell did not contain any hazards or material from which could be fabricated a tool to commit suicide.  In that one can make a reasonable inference that Mr. Campos detached the cord in the full view of the security desk, there are also questions of disputed fact as to whether the

deputies, with a clear view of the fan, neglected to see that the Plaintiff detached the cord.

As to Defendant Kern County, it is incontrovertible, using the Defendant's own records that the custodial and medical employees of Kern County knew Mr. Campos was actively suicidal during past periods of incarceration. (Plaintiff's Further Disputed Fact No. 15) During the course of the subject incarceration of August 8-10, 2013, he was not only actively suicidal but injuring himself. At no time during his incarceration, was he seen by a mental health specialist. Incongruously, he received medical care for a physical injury which he received while attempting to hurt himself but not for the psychological condition that caused that injury. There is a question of material disputed fact as to whether the agents and employees of Kern County failed to provide him with immediate medical care.

**Conclusion**

There are issues of material fact as to whether the deputies were negligent in carrying out their custodial duties as to whether all of the Defendants had knowledge that Mr. Campos needed immediate medical care and failed to provide it. The motion for summary judgment should be denied.

Dated:                                                         GARROTTO & GARROTTO

                                                            GREG W. GARROTTO