**MARK L. NATIONS, INTERIM COUNTY COUNSEL**
By: Marshall S. Fontes, Deputy (SBN 139567)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants
County of Kern, Deputy Jason Ayala
and Deputy Joshua Bathe

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEANU ETHAN CAMPOS, a minor, by and through his Guardian ad Litem, Deniz Gonzalez,<br><br>  Plaintiffs,<br><br>  vs.<br><br>COUNTY OF KERN, a public entity; DEPUTY JASON AYALA, a public employee; DEPUTY JOSHUA BATHE, a public employee; and DOES 1 - 10, Inclusive<br><br>  Defendants. | CASE NO. 1:14-cv-01099-DAD-JLT<br><br>**DEFENDANT'S PRETRIAL CONFERENCE REPORT**<br><br>Date:   July 12, 2017<br>Time:   10:00 a.m.<br>Ctrm:   5<br>Judge:  Hon. Dale A. Drozd,<br>        U.S.D.C. Judge<br><br>Complaint filed: July 14, 2014 |

TO THE HONORABLE COURT:

Defendants, DEPUTY JASON AYALA and DEPUTY JOSHUA BATHE, hereby submit their PRETRIAL CONFERENCE STATEMENT, pursuant to Local Rule 281(a)(1):

## STATEMENT OF THE CASE

This case involves a wrongful death claim arising from a jail house suicide which occurred in the early morning hours of August 10, 2013, at the County's downtown jail, Central Receiving Facility ("CRF") in Bakersfield, California. Plaintiff is the son of the decedent, Luis Campos. Plaintiff asserts a survival claim for the alleged violation of the decedent's rights under

1

Defendants' Pretrial Statement

the 4th Amendment and substantive due process rights under the 14th amendment.  Plaintiff also asserts a wrongful death claim under California state law.  Plaintiff has sued the deputies responsible for supervising the decedent in the jail and the County of Kern[1], who operated the jail.

The primary issues to be evaluated by the trier of fact concern the reasonableness of the deputies' supervision of the decedent, whether their conduct (both acts and/or omissions) amounted to negligence, and/or resulted in a violation of the constitutional rights of the decedent or plaintiff, and whether the Defendants are shielded from liability by any state or federal immunity.

## JURISDICTION AND VENUE

Plaintiff's causes of action arise, in part, under 42 U.S.C. § 1983, making subject matter jurisdiction proper under 28 U.S.C. § 1343.  There is no dispute concerning jurisdiction or venue regarding the 42 U.S.C. § 1983 causes of action.

## JURY - NON-JURY

The parties have demanded a jury trial of all of the issues in this action.

## UNDISPUTED FACTS

It is undisputed that, on August 10, 2013, the decedent, Luis Campos, committed suicide, by using an electrical cord to hang himself from the cell bars while he was being housed in a suicide watch cell, No. B-4-1, in the Kern County Jail.

It is also undisputed that at the time of the incident, Deputies Bathe and Ayala were employed by Defendant County of Kern, and were acting under color of law and had been assigned to supervise the B-deck of the jail where Campos was being housed, at the time that Campos' suicide was discovered.

## DISPUTED FACTUAL ISSUES

Defendants submit the following issues are in dispute:

1.   Whether Defendants Bathe and/or Ayala violated the Decedent's Substantive Due Process Rights;

---

[1] Defendant, County of Kern, is no longer a party to the action based upon the Court's summary adjudication of plaintiff's causes of action against it. (See, Doc. No. 65).

2. Whether Defendants Bathe and/or Ayala violated the Plaintiff's Substantive Due Process Rights;

3. Whether Defendants Bathe and/or Ayala were deliberately indifferent to a serious medical need of the decedent;

4. Whether Defendants Bathe and/or Ayala's supervision of decedent was reasonable;

5. Whether Defendants Bathe and/or Ayala failed to summon immediate medical aid for decedent;

6. Whether the decedent was comparatively negligent;

7. Whether any negligence or wrongful conduct on the part of Defendants, or on the part of the decedent, caused harm to Plaintiff;

8. Whether defendants are qualifiedly immune from liability;

9. The nature and extent of Plaintiffs' damages, if any;

10. Whether either defendant acted in willful or reckless disregard of federally guaranteed rights, such that exemplary damages are appropriate; and

11. Whether Plaintiff's attorneys are entitled to attorney fees.

## DISPUTED EVIDENTIARY ISSUES

On the following issues, Defendants intend to file motions in limine, submit a trial brief, and/or seek the Court's direction and assistance in their resolution:

1. Whether any evidence supporting any state law claim that was omitted from Plaintiff's government tort claim, that was filed with Kern County, may be introduced;

2. Whether any cause of action not contained in Plaintiff's complaint may be pursued at trial;

3. Whether photographs of the decedent's injuries, and particularly autopsy photographs are admissible, since Defendants contend they are irrelevant and are extremely prejudicial due to their inflammatory nature;

4. Whether past or subsequent complaints or investigations into personnel matters pertaining to Defendants Bathe or Ayala are admissible since Defendants contend they are irrelevant and are extremely prejudicial;

5. Whether decedent's past mental health conditions, past mental health treatment and/or past suicidal behaviors are admissible, since Defendants contend they are irrelevant and are extremely prejudicial;

6. Whether Plaintiff may introduce expert testimony from witnesses who were not disclosed pursuant to Federal Rules of Civil Procedure, Rule 26;

7. Whether Plaintiff may introduce evidence not disclosed in discovery; and

8. Whether Plaintiff may introduce evidence of future special damages which are speculative in nature.

## RELIEF SOUGHT

Defendants seek a defense verdict, costs and attorney fees for defense of this action.

## POINTS OF LAW

The operative pleading is the First Amended Complaint. It alleges a 1983 survival claim and a 14th Amendment claim under federal law, as well as a wrongful death claim under state law. Plaintiff alleges that the decedent had a history of mental illness and suicidal behavior. He alleges that Deputies Bathe and Ayala knew, or should have known, the decedent would harm himself, and that they failed to adequately monitor the decedent, and were deliberately indifferent towards a serious medical need (i.e., suicidal tendencies).

**A.** *Section 1983 survival claim*:

The analysis of a 1983 claim for deliberate indifference to a serious medical need involves an examination of two elements: (1) a prisoner's serious medical needs and (2) a deliberate indifferent response by the defendants to those needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir., 1992). A jailor is deliberately indifferent, if he or she knows that an inmate or detainee prisoner faces a substantial risk of serious harm and willfully disregards that risk, by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). A defendant must purposefully ignore or fail to respond to a prisoner's pain, or possible medical need, in order for deliberate indifference to be established. *McGuckin v Smith*, *supra*, 974 F.2d at 1060. Mere negligence, without more, does not violate a prisoner's constitutional rights. *Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1057 (9th Cir., 2004).

**B.**     ***Plaintiff's Due Process Claim*:**

Parents and children may assert a Fourteenth Amendment substantive due process claim if they are deprived of the companionship of their child or parent through official conduct. *Lemire v. Cal. Dept. of Corrections and Rehabilitation,* 726 F.3d 1062,1075 (9th Cir., 2013).

The Due Process Clause is violated only when the official conduct can be properly characterized as arbitrary, or conscious shocking. *County of Sacramento v. Lewis*, 523 U.S.833, 845-7 (1998); *Lemire*, 726 F.3d at 1075. Liability turns on whether there was conduct evincing a purpose of causing harm. *County of Sacramento v. Lewis*, 523 U.S. at 852-3. "Purpose to harm" in this context means acting with a purpose to harm the decedent for reasons unrelated to legitimate law enforcement objectives. *Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir., 2008).

**C.**     ***Qualified Immunity*:**

The defense of qualified immunity protects government officials from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The purpose of this defense is to protect governmental officials from suit for reasonable mistakes made in the course of duty. *Moore v. Lamarque*, 2007 U.S. LEXIS 16163 (9th Cir., 2007). Qualified immunity will protect all but the "plainly incompetent or those who knowingly violate the law." *KRL v. Moore*, 384 F.3d 1043 (9th Cir., 2004).

The first step in evaluating qualified immunity is to determine if the plaintiff has shown conduct that violates his constitutional rights. *Galvan v. Hay*, 374 F3d 739, 745 (9th Cir., 2004); *Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir., 2002). The next step is to determine whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the plaintiff demonstrates the violation of a right that was clearly established, then the officer must show that a reasonable officer could have believed the particular conduct at issue to have been lawful. *Butler*, 281 F.3d at 1021; *Schwenk v. Harford,* 204 F.3d 1187, 1196 n.5 (9th Cir., 2000).

With respect to reasonable belief, the test is whether it would be clear to a reasonable officer that his conduct was unlawful in the particular situation. The inquiry is not dependent upon the subjective thoughts of the particular officer. *Washington v. Lambert*, 98 F.3d 1181,

5

Defendants' Pretrial Statement

1192 (9th Cir., 1996). If the officer could have reasonably believed his conduct was lawful, then the officer should prevail on the qualified immunity defense. *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir., 1991).

  **D.** *State Wrongful Death Claim*:

  Under California law, a cause of action for wrongful death is a statutory claim. *See*, Code of Civil Procedure, Section 377.60 et seq. Its purpose is to compensate heirs of the decedent for loss of companionship, and other losses suffered as a result of the death, caused by the wrongful act of another or neglect. *Jackson v. Fitzgerald*, 127 Cal.App.4th 329, 335 (2005).

  California Government Code, Section 845.6, provides a basis for liability where there is a failure to summon medical aide, and the employee knows, or has reason to know, that the prisoner is in need of immediate medical care. The need for care must be immediate. *Watson v. State of California*, 21 Cal.App.4th 836, 841; *Kinney v. Contra Costa County*, 8 Cal.App.3d 761, 770 (1970); *Lucas v. City of Long Beach*, 60 Cal.App.3d 341, 350 (1976). Liability under California Government Code, Section 845.6, envisions injuries or damages resulting from a failure to treat a physical condition that requires immediate treatment. *Lucas v. City of Long Beach*, 60 Cal.App.3d 341, 350 (1976).

  The mere presence of an inmate in a suicide watch cell does not establish knowledge of a risk of imminent suicide. *Simmons v. Navajo County*, 609 F.3d 1011, 1017-18 (9th Cir., 2010). Likewise, there is no general duty owed to prevent suicide. *Lucas, supra*, 60 Cal.App.3d at 350. The *Lucas* Court also noted that the suicide was an intentional, intervening act that extinguished causation. *Lucas*, *supra*, 60 Cal.App.3d at 351.

## ABANDONED ISSUES

Defendants do not intend, at this time, to abandon any issues.

## WITNESSES

Defendants may call one or more of the following witnesses at the trial of this matter:

 1. Jason Ayala

 2. Joshua Bathe

 3. Christopher Saldana

 4. Sean Collier

Defendants' Pretrial Statement

| | | |
|---|---|---|
| 5. | Cynthia Morgan, R.N. |
| 6. | *Detective Michael Dorkin |
| 7. | *Detective Graham |
| 10. | *David Hubbard, T.I. |
| 12. | *Adam Rickles, T.I. |
| 13. | *Mark Riehle, T.I. |
| 14. | Paul Myron |
| 15. | Deniz Gonzalez |
| 16. | Jeff Tolle |

It is anticipated that those witnesses which are marked with an asterix, would be called for foundational reasons or for rebuttal.

## **EXHIBITS - SCHEDULES AND SUMMARIES**

In addition to those documents and or tangible things set forth in Plaintiff's List of Exhibits, Defendants may seek to introduce the following documents and or tangible things at the time of trial:

1. Kern County Sheriff's Office, Incident/Investigation Report & Supplemental reports, Case No. SR13-22293 (28 pages);
2. Inmate Observation Log (Suicide Watch Log);
3. B-Deck Red Log Book -  Book B-Deck: Shifts 2300-700 and 700-1500;
4. TI photographs – scene;
5. CJIS records/booking records;
6. Kern County Sheriff's Office policies, identified by Plaintiff, in his separate statement; and
7. Plaintiff's birth certificate.

## **DISCOVERY DOCUMENTS**

Defendants anticipate that they may introduce Plaintiff's responses to interrogatories, document requests and depositions as admissions of a party opponent, or for impeachment. Defendants also intend to use the depositions taken in this matter for all purposes allowed under the Federal Rules of Civil Procedure and Evidence.

7

Defendants' Pretrial Statement

### FURTHER DISCOVERY OR MOTIONS

Defendants do not anticipate filing any motions other than normal pretrial motions and motions in limine.

### STIPULATIONS

Defendants are not requesting or offering any stipulations for pretrial or trial purposes at this time.

### AMENDMENTS - DISMISSALS

Defendants do not anticipate any further amendment of pleadings, addition of parties, or dismissal of parties.

### SETTLEMENT NEGOTIATIONS

A settlement conference was conducted before the Hon. Jennifer Thurston, Magistrate Judge, on May 5, 2017. The matter did not settle at that time. Additional informal negotiations have continued, but the Parties have now reached an impasse.

### AGREED STATEMENTS

Defendants do not believe that the presentation of all or part of this case upon an Agreed Statement of Facts is feasible or advisable.

### SEPARATE TRIAL OF ISSUES

Defendants request bifurcation of the punitive damage claims against them.

### IMPARTIAL EXPERTS - LIMITATION OF EXPERTS

Defendants do not believe that either the appointment of impartial expert witnesses or a limitation on the number of expert witnesses expected to testify at trial is advisable in this case.

### ATTORNEYS' FEES

Defendants are also seeking costs and attorney fees pursuant to 42 U.S.C. §1988 should they prevail in this action.

### TRIAL EXHIBITS

Defendants do not anticipate that any special handling of trial exhibits will be required. Defendants are amenable to the Court retaining the trial exhibits pending any appeal and decision on appeal.

**TRIAL PROTECTIVE ORDER**

Defendants will not be seeking a trial protective order pursuant to L.R. 141.1(b)(2).

**MISCELLANEOUS**

Defendants have no further comments, suggestions, or information that would aid in the disposition of this action.

Dated: July 5, 2017          MARK L. NATIONS,
                             INTERIM COUNTY COUNSEL


                             By:   /s/ Marshall S. Fontes          .
                                   Marshall S. Fontes, Deputy
                                   Attorneys for Defendants, Deputy Jason Ayala
                                   and Deputy Joshua Bathe


#23A5975