LAW OFFICES OF GREG W. GARROTTO
Greg W. Garrotto, State Bar #89542
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone (310) 229-9200
Fax (310)229-9209
jjggarrotto@msn.com

Attorneys for Plaintiff
KEC, a minor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEC, a minor, by and through his Guardian ad Litem, Deniz Gonzalez | Case No.: 1:14-cv-01099-DAD-JLT |
| Plaintiff, | TRIAL BRIEF OF PLAINTIFF |
| v. | Trial Date: October 3, 2017<br>Time: 1:00 p.m.<br>Courtroom: 5 |
| COUNTY OF KERN, a public entity; Deputy Sheriff Jason Ayala, a public employee; Deputy Joshua Bathe, a public employee; and , DOES1-10, Inclusive | |

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

The Plaintiff, KEC, a minor presents the following trial brief:

PLAINTIFF'S TRIAL BRIEF

**FACTS**

On August 10, 2013, Plaintiff's Decedent Luis Campos was a pre-trial detainee housed in Cell B4-1 of the Central Receiving Facility of the Kern County Jail. The Kern County Jail is operated and maintained by the Kern County Sheriffs Department, an agency of Kern County. Cell B4-1 was a Suicide Watch Cell; a cell that was used to house persons who were deemed to be suicidal. Luis Campos had been continually housed in Cell B4-1 since approximately 2:00 a.m. on the morning of August 10. At 7:07 a.m., Mr. Campos was found to have committed suicide by taking a portion of the crudely repaired electrical cord of a large floor fan stored adjacent to Cell B4-1 and hanging himself from the cell bars. At the time of the suicide the Kern County Sheriffs Department custodial officers on duty were Deputy Sheriffs Jason Ayala ("Ayala") and Joshua Bathe ("Bathe"). The evidence will prove that Mr. Campos was able to prepare for and accomplish his suicide in clear view of the two defendant deputies.

The Plaintiff, KEC, a minor and the son of Luis Campos, has filed this action alleging that Deputies Ayala and Bathe violated his and his father's civil rights guaranteed by the 14th Amendment to the United States Constitution and or were negligent causing the Plaintiff injuries and other damages. The damages include loss of the parent child relationship, loss of society, comfort and love of his father and a loss of financial support. Mr. Campos had a work history of

being employed as an electrician.

**APPLICABLE LAW**

In the 9th Circuit, there is a clearly established constitutional right that requires prison and prison guards to have adequate suicide prevention protocols for prisoners. The 9th Circuit, in an unpublished opinion, held that a clearly established right against deliberate indifference to a detainee's serious risk of suicide was clearly "established" as least as early as 2005. See <u>Van Orden v Downs</u>, (9th Cir. 2015) 609 <u>Fed. App'x</u>. 474, 475. The <u>Van Orden</u> Court relied on <u>Conn v City of Reno</u> (9th Cir. 2010) 591 <u>F.3d.</u> 1081, 1102, judgment vacated, 663 <u>U.S.</u> 915, 915 (2011), and opinion reinstated, 658 <u>F.3d.</u> 897 (9th Cir. 2011) which held that "[i]t is clearly established that the Eighth Amendment protects against deliberate to a detainee's serious risk of suicide."

In the present context, Mr. Campos was a pretrial detainee. As to a pretrial detainee, the due process clause of the 14th Amendment provides the protections granted by the 8th Amendment; i.e., that the conditions of the detainee's confinement may not constitutionally amount to punishment. <u>City of Revere v Massachusetts General Hospital</u> (1983) 463 <u>U.S.</u> 239, 244; <u>Bell v Wolfish</u> (1979) 441 <u>U.S.</u> 520, 535.

In this case, the 14th Amendment not only provides the same protections to

Mr. Campos as the Eighth Amendment but also provides protection to a constitutionally protected liberty interest arising out of their relationship with their parent; to wit, a substantive due process claim may be asserted by the children of a person killed by a law enforcement officer.  Moreland v Las Vegas Metro. Police Department (9th Cir. 1998) 159 F.3d 365, 371.  Substantive due process violations under the 14th Amendment occur only when official conduct "shocks the conscience"; in this context, where actual deliberation is practical, a 'deliberate indifference' standard suffices to 'shock the conscience'.  Porter v Osborn (9th Cir. 2008) 546 F.3d 1131, 1137; Hayes v County of San Diego (9th Cir. 2013) 736 F.3d 1223, 1230.

The Plaintiff also pursues a state law negligence cause of action against the two defendants on the basis that they failed to act in a reasonable manner which caused the death of Mr. Campos.  The standard for negligence is what a reasonably careful person would not do in the same situation or would do in the same situation; it can be acting or failing to act.  Flowers v Torrance Memorial Hospital Medical Center (1994) 8 Cal.4th 992, 997.

**DAMAGES**

Pursuant to the constitutional claim brought by Plaintiff on his own behalf, he may recover damages to compensate him for the loss of his relationship with

his father.  In his position as successor in interest, he may recover for the violation of constitutional rights occasioned on his father.  Punitive Damages may be awarded against the individual defendants when conduct is oppressive or shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.  <u>Smith v Wade</u> (1983) 461 <u>U.S.</u> 30.  Attorney Fees can be recovered under 42 U.S.C. Section 1988.

Under the state law wrongful death claim, predicated upon negligence, the Plaintiff may recover damages for the loss of the love, society and companionship and financial support of his father.

Dated: 9/25/2017				LAW OFFICES OF GREG W. GARROTTO

					/s/ Greg W. Garrotto
					GREG W. GARROTTO