MARK L. NATIONS, COUNTY COUNSEL
By: Marshall S. Fontes, Deputy (SBN 139567)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants
Deputy Jason Ayala and
Deputy Joshua Bathe

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEANU ETHAN CAMPOS, a minor, by and through his Guardian ad Litem, Deniz Gonzalez,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTY OF KERN, a public entity; DEPUTY JASON AYALA, a public employee; DEPUTY JOSHUA BATHE, a public employee; and DOES 1 - 10, Inclusive<br><br>    Defendants. | CASE NO. 1:14-cv-01099-DAD-JLT<br><br>**DEFENDANTS' TRIAL BRIEF**<br><br>Date:      October 3, 2017<br>Time:      1:00 p.m.<br>Location:  Courtroom 5<br>Judge:     Hon. Dale A. Drozd |

Defendants, Deputies Ayala and Bathe, hereby submit the following Trial Brief in the above referenced matter:

**1.     Parties and Counsel:**

Plaintiff, Keanu Ethan Campos, a minor, by and through his guardian ad litem and mother, Deniz Gonzalez, is represented by Greg Garrotto, Esq.

Defendants, Deputies Jason Ayala and Joshua Bathe, are represented by Marshall S. Fontes and Andrew C. Thomson, of the Office of County Counsel for the County of Kern.

///

Defendants' Trial Brief

**2.     General Statement of the Case:**

This case involves a claim for damages stemming from a jail house suicide. Plaintiff, age four, through his mother, is suing for the death of his father, Luis Campos, who hung himself while being housed in a suicide watch cell at the Central Receiving Facility ("CRF"). It is believed that the decedent was able to reach an extension cord from a floor fan located outside his cell, and fashioned it into a noose. He then tied it to the cell bars and hung himself.

Plaintiff is claiming that the detention deputies Bathe and Ayala, who came on duty seven minutes before the discovery of the suicide, have violated the Decedent's Due Process rights and the Plaintiff's 14th Amendment rights to familial relations with his father. Plaintiff is also asserting a state claim for wrongful death based upon negligence.

**3.     Liability:**

The operative pleading is the First Amended Complaint. It alleges a 1983 claim based upon the Due Process Clause and 14th Amendment under federal law, as well as a claim for wrongful death claim under state law.

**A.     *Section 1983 civil rights claim*:**

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." See *U.S. Const. amend*. 14 § 1. A pretrial detainee has a right to be free from cruel and unusual punishment which is derived from the due process clause of the Fourteenth Amendment.

The duty to protect pretrial detainees from suicide is grounded in the substantive liberty interest in adequate medical care. See, *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1018 (9th Cir. 2010); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998); *Schwartz v. Lassen Cty. ex rel. Lassen Cty. Jail (Detention Facility)*, 838 F. Supp. 2d 1045, 1052 (E.D. Cal. 2012). In particular, "persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by *Castro*, 833 F.3d at 1076.

Until recently, the analysis of a 1983 claim for deliberate indifference to a serious medical need involved an examination of two elements: (1) a prisoner's serious medical needs

2

Defendants' Trial Brief

1   and (2) a deliberate indifferent response by the defendants to those needs. *McGuckin v. Smith*,
2   974 F.2d 1050, 1059 (9th Cir., 1992). A jailor is deliberately indifferent, if he or she knows that
3   an inmate faces a substantial risk of serious harm and willfully disregards that risk, by failing to
4   take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).
5   A defendant must purposefully ignore or fail to respond to a prisoner's pain, or possible medical
6   need, in order for deliberate indifference to be established. *McGuckin v Smith*, supra, 974 F.2d
7   at1060. Mere negligence, without more, does not violate a prisoner's constitutional rights.
8   *Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1057 (9th Cir., 2004).

However, the Ninth Circuit has recently ruled that the test for deliberate indifference for purposes of a 14th Amendment claim for a failure to protect a pre-trial detainee is different from that used on 8th Amendment claims. *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir., Aug. 2016)(en banc). As articulated by the Ninth Circuit, in *Castro*, *supra*, the elements for a pretrial detainee's 14th Amendment claim against a jailor are:

"1. The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

2. Those conditions put the plaintiff at substantial risk of suffering serious harm;

3. The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and

4. By not taking the measures, the defendant caused the plaintiff's injuries."

*Castro*, *supra*, 833 F.3d at 1071: [the test must require a pretrial detainee to prove more than negligence but less than subjective intent – something akin to recklessness.]

In *Castro*, the Ninth Circuit essentially held that an objective standard would apply to a 14th Amendment failure to protect claim by a pretrial detainee, rather than requiring a showing of <u>subjective</u> deliberate indifference that was previously necessary under the requirements of *Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir., 2010).

Defendants respectfully submit that this Court should be guided by the dissent in *Castro*. The pretrial detainee's right, under the Fourteenth Amendment, is to be free from <u>punishment</u>

Defendants' Trial Brief

without due process.  *Bell v. Wolfish*, 441 U.S. 520, 534, 99 S.Ct. 1861, (1979); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40, 97 S.Ct. 1401.  A governmental official's failure to act may constitute punishment <u>only</u> if the detainee can establish that the official was deliberately indifferent to a substantial risk of harm.  While punitive intent can possibly be inferred from affirmative acts, a failure to act does not raise the same inference. See *Farmer*, 511 U.S. at 837–38, 114 S.Ct. 1970.  An official who is alleged to have failed to act, when knowledge of the attendant risks is absent, can be at most negligent, which is insufficient to constitute a due process violation. *Kingsley,* 135 S.Ct. at 2472.

As noted in the *Castro* dissent, by Circuit Judge Ikuta, and joined by Circuit Judges Callahan and Bea, the United States Supreme Court has made clear that a failure to act is not punishment at all, unless the government official actually knew of a substantial risk and consciously disregarded it.  *Farmer v. Brennan*, 511 U.S. 825, 837–38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Without this intent requirement, there simply is no "punishment" for purpose of Due Process analysis.  *Wilson v. Seiter*, 501 U.S. 294, 298–300, 111 S.Ct. 2321, (1991), and, as also noted by the *Castro* dissent, this "deliberate indifference" standard has long been applied to claims that a government official failed to address medical needs, or otherwise protect pretrial detainees before the holding of *Castro*. See*, Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017–18 (9th Cir. 2010); *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1241–42 (9th Cir. 2010); Lolli v. County of Orange, 351 F.3d 410, 418–19 (9th Cir. 2003); *Cabrales v. Cty. of Los Angeles*, 864 F.2d 1454, 1461 & n. 2 (9th Cir. 1988), cert. granted, judgment vacated, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), opinion reinstated, 886 F.2d 235 (9th Cir. 1989).

With respect to Plaintiff's own claim that his constitutional right under the Due Process Clause was violated by the deprivation of his right to familial association with his father, the Plaintiff is held to a higher standard.  He must show that the conduct of the Defendants "shocks the conscience."  Only official conduct that shocks the conscience is cognizable as a due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).

///

1  The Ninth Circuit has recognized that a child has a constitutionally protected liberty
2  interest under the Fourteenth Amendment in the "companionship and society" of a father.
3  *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir.1991); *Moreland*, 159 F.3d at 371.
4  While only official conduct that 'shocks the conscience' in depriving a child of that interest is
5  cognizable as a violation of due process, where actual deliberation is practical, then an officer's
6  'deliberate indifference' may suffice to shock the conscience. *Wilkinson*, 610 F.3d at 554.

7  **B.**  *State wrongful death claim*:

8  Plaintiff's state law claim is for wrongful death based upon principles of negligence.
9  Under state law, principles of comparative fault support an apportionment of liability among
10 those responsible for the loss, including a decedent. *Howrich v. Superior Court*, 21 Cal.4th 272,
11 285 (1999).  In wrongful death cases, the fault of the decedent is attributable to the surviving
12 heirs, and any recovery must be offset by that same percentage of fault. *Atkins v. Strayhorn*,
13 223 Cal.App.3d 1380, 1395. Where a defendant's negligence exists, a suicide may even
14 constitute an intentional intervening act that would extinguish liability under a causation
15 analysis. *Lucas v. City of Long Beach*, (1976 60 Cal.App.3d 341, at 351.

16 **4.   Nature and Extent of Injuries/Damages:**

17 The recitation of the type of damages available in a case such as this, as set forth in
18 plaintiff's trial brief, is accurate.  A plaintiff may recover for the loss of affection, comfort,
19 society and support by the decedent.  However, such damages cannot be speculative.

20 Ninth Circuit Model Civil Jury Instructions , Instruction 5.1, entitled "Damages—
21 Proof" directs, as follows: "The plaintiff has the burden of proving damages by a
22 preponderance of the evidence.  Damages means the amount of money that will reasonably and
23 fairly compensate the plaintiff for any injury you find was caused by the defendant. . . .  It is for
24 you to determine what damages, if any, have been proved.  Your award must be based upon
25 evidence and not upon speculation, guesswork or conjecture."

26 Under California law, for future damages the plaintiff has the burden of proof by a
27 preponderance of the evidence.  Due to the speculative nature of the future damages claim, a
28 plaintiff must offer reasonable evidence to support a future damages claim, otherwise future

1  damages are speculative and therefore not compensable.  *Piscitelli v. Friedenberg*, 87 Cal.App.4th 953, 989 (2001) (Damages cannot be speculative, and are limited to those that are "reasonably certain to have been realized but for the wrongful act of the opposing party."); *Mozzetti v. City of Brisbane*, 67 Cal.App.3d 565, 577 (1977) ("It is black-letter law that damages which are speculative, remote, imaginary, contingent or merely possible cannot serve as a legal basis for recovery).

As with all future damages, it must be established that any prospective earnings loss is more than mere speculation.  Plaintiffs must establish to a "reasonable certainty," the loss of future earnings.  *Rodriguez v. McDonald Douglas Corp.* (1979) 89 Cal.App.3d 626, 656, 657.  In addition, it must be established to a reasonable certainty that plaintiff had the ability to actually earn the amount alleged in the wage loss claim.  The same rule should hold true with respect to any loss of support claim by plaintiff based upon the decedent's future earning capacity.  In the absence of establishing the reasonable certainty of decedent's future earning capacity, any loss of future support is merely speculative.

Dated: September 26, 2017        MARK L. NATIONS, INTERIM COUNTY COUNSEL

By:    /s/ Marshall S. Fontes                      .
Marshall S. Fontes, Deputy
Attorneys for Defendants, Deputy Jason Ayala
and Deputy Joshua Bathe

#23F7774.DOC